as in his former terms, subject to a temporary reduction consented to by him, a proposition of law that where, upon the election of an officer, the directors fix his duties and salary for the present and afterwards relieve him of his duties and reduce his salary to a nominal amount, such action on their part is not a discharge of the officer and a breach of his contract, while possibly correct as an abstract proposition of law, is not applicable to the facts of the case.

10.  MASTER AND SERVANT, § 75*—*when recovery for breach of contract of employment may be under either special count or indebitatus assumpsit.*  In an action for the breach of a contract of employment, where plaintiff has partly performed and has been prevented from performing. the remainder by defendant's act, a recovery may be had under either the *indebitatus* assumpsit or under the special count.

---

## William H. Kidston, Appellee, v. The Massillon Iron & Steel Company, Appellant.

### Gen. No. 23,167.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1917.  Affirmed.  Opinion filed March 12, 1918.

### Statement of the Case.

Action of trover by William H. Kidston, plaintiff, against the Massillon Iron & Steel Company, a corporation, defendant, for the conversion of corporate stock.  From a judgment for plaintiff for $30,851, defendant appeals.  The decision in this case is controlled by that in *Gorham ·v. Massillon Iron & Steel Co., ante,* p. 606.

MATZ, FISHER & BOYDEN and VICTOR ELTING, for appellant; VICTOR ELTING and WALTER L. FISHER of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and ·section number,

Amos C. Miller, for appellee.

Mr. Justice McDonald delivered the opinion of the court.

---

## Emma C. Enoch, Appellant, v. John F. Walter et al., Appellees.

### Gen. No. 23,211.

1.  Fraudulent conveyances, § 264*—*when assignment of property to prevent collection of alimony not shown.* On a creditor's bill, the allegation of complainant that an assignment of property had been fraudulently made to prevent her from recovering alimony due her by the assignor, *held* not sustained by the evidence.

2.  Wills, § 482*—*what is nature of legacy made charge upon realty.* A legacy which is made a charge upon realty merely becomes a lien thereon, enforceable by a proceeding analogous to the foreclosure of a mortgage, and does not constitute an interest in realty.

3.  Divorce, § 127*—*when decree for payment of alimony does not become lien upon realty.* A decree for the payment of alimony to become due does not become a lien upon the real estate of the person against whom it is entered, unless it is made so by statute or the decree itself recites that it shall become a lien.

4.  Equity, § 507*—*necessity that decree be for money due in order to be lien on land.* Section 44 of the Chancery Act (J. & A. ¶ 924), making a decree for money a lien on lands, contemplates a decree for money due at the time of its entry!

5.  Divorce—*order for payment of alimony as not lien upon realty.* Section 44 of the Chancery Act (J. & A. ¶ 924) does not warrant the inference that an order for the payment of alimony to become due shall be a lien on realty.

Appeal from the Superior Court of Cook county; the Hon. Charles M. Foell, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 12, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.